TRACY L. WILKISON
Acting United States Attorney
BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division
MERYL HOLT (Cal. Bar No. 308195)
Assistant United States Attorney
General Crimes Section
     1500 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-6737
     Facsimile: (213) 894-0141
     E-mail:  meryl.holt@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CR No. 20-00141-DSF |
|---|---|
| Plaintiff, | UNITED STATES' SENTENCING POSITION FOR DEFENDANT JOSE MANUEL GALLARDO |
| v. | Hearing Date: May 17, 2021 |
| JOSE MANUEL GALLARDO, aka "Suspect," | Hearing Time: 8:30 a.m. |
| Defendant. | Location:   Courtroom of the Hon. Dale S. Fischer |

Plaintiff United States of America, by and through its counsel of record, the Acting United States Attorney for the Central District of California and Assistant United States Attorney Meryl Holt, hereby files its Sentencing Position concerning defendant JOSE MANUEL GALLARDO.

//
//
//
//
//

This Sentencing Position is based on the attached memorandum of points and authorities, the files and records in this case, the United States Probation and Pretrial Services Office's Presentence Investigation Report and Recommendation Letter, and such further evidence and argument as the Court may permit.

Dated: April 23, 2021              Respectfully submitted,

TRACY L. WILKISON
Acting United States Attorney

BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division


/s/ Meryl Holt
MERYL HOLT
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   INTRODUCTION**

Defendant Jose Manuel Gallardo ("defendant"), a convicted felon with gang affiliation, engaged in drug trafficking and firearm offenses in May 2019.  He is set to be sentenced for violating 21 U.S.C. §§ 841(a)(1), (b)(1)(B)(viii) (distribution of at least five grams of methamphetamine, two counts), 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii) (possession with intent to distribute at least fifty grams methamphetamine), and 18 U.S.C. § 922(g)(1) (felon in possession of firearms and ammunition).  The conduct here concerns a total of 297.26 grams of actual methamphetamine, two firearms--including a stolen rifle--and 20 rounds of assorted ammunition.

On April 5, 2021, the United States Probation and Pretrial Services Office ("Probation Office") filed its Recommendation Letter ("PSR Rec.," Dkt. 43) and Presentence Investigation Report ("PSR," Dkt. 44).  The PSR calculated a total Guidelines offense level of 31 and a criminal history category of III, resulting in a Guidelines range of 135 to 168 months' imprisonment.  (PSR ¶¶ 24-35, 37-41, 66.)  The Probation Office recommends a sentence at the low end of the applicable Guidelines range, namely 135 months of custody.

The United States concurs with the recommendation of the Probation Office and respectfully requests that the Court impose the following sentence: (1) a term of imprisonment of 135 months; (2) a five-year period of supervised release with the terms recommended by the Probation Office; and (3) a $400 mandatory special assessment.  This sentence is sufficient and no greater than necessary to accomplish the goals of sentencing and fairly balances the nature, circumstances, and seriousness of the offenses, protecting the

public, providing deterrence, and promoting respect for the law with defendant's history and characteristics, among other factors.

## II. FACTUAL BACKGROUND

At his January 20, 2021 change of plea hearing, defendant admitted to the following facts under the plea agreement. ("Plea," Dkt. 36 ¶ 20; see also PSR ¶¶ 14-20.)

On two separate occasions in or around May 2019, in Los Angeles County, within the Central District of California, defendant knowingly and intentionally distributed at least five grams of methamphetamine, a Schedule II controlled substance. Specifically, defendant sold a confidential source approximately 51.06 grams of methamphetamine on May 6, 2019 in Long Beach, California. Defendant then sold the same confidential source approximately 54 grams of methamphetamine on May 8, 2019 in Long Beach, California. On both occasions, defendant knew that the substance he distributed was methamphetamine or some other federally controlled substance.

Less than two weeks later, in Los Angeles County, within the Central District of California, defendant knowingly and intentionally possessed with intent to distribute at least 50 grams of methamphetamine, a Schedule II controlled substance, and knowingly possessed firearms and ammunition as a convicted felon. Specifically, on May 17, 2019, law enforcement conducted a search of defendant's residence and the detached shed associated with his residence in Long Beach, California. On that day, defendant knowingly and intentionally possessed within his bedroom in the residence approximately 192.2 grams of methamphetamine stored in plastic bags, which he intended to distribute to others. Defendant also knowingly possessed within his bedroom a Ruger model P85 9mm

semiautomatic pistol, bearing serial number 301-26847.  On that same day, defendant also knowingly possessed in the detached shed associated with his residence a Daniel Defense model DDM4 V5s rifle, bearing serial number DDM4071209, which was reported stolen. Additionally, defendant knowingly possessed within his bedroom and the detached shed associated with his residence various ammunition, namely: nine rounds of Aguila .223 caliber ammunition; four rounds of Federal Cartridge 9mm ammunition; three rounds of Remington-Peters 9mm ammunition; one round of Winchester 9mm ammunition; one round of HPR 9mm ammunition; one round of WMA 14 9mm ammunition; and one round of PPU 9mm ammunition.  The firearms and ammunition were all manufactured outside of California in various states or foreign nations and, as a result, had traveled in interstate or foreign commerce to California.

At the time defendant possessed the firearms and ammunition, defendant had been convicted of a felony crime punishable by imprisonment for a term exceeding one year, and defendant knew he had been convicted of a felony crime punishable by imprisonment for a term exceeding one year, namely, Making Threats with Intent to Terrorize, in violation of California Penal Code Section 422(a), in the Superior Court of the State of California, County of Los Angeles, Case Number NA101776, on or about September 18, 2015.

**III. PSR GUIDELINES CALCULATIONS**

On April 5, 2021, the Probation Office disclosed the PSR and issued its Recommendation Letter.  (Dkts. 43, 44.)  The Probation Office calculated a total offense level of 31 and a criminal history category of III.  Its offense level calculation, which matches the plea agreement, is as follows:

|   |   |   |   |
|---|---|---|---|
| Base Offense Level: | 32 | U.S.S.G. §§ 2D1.1(a)(5), (c)(4)[1] |
| Dangerous Weapon Possessed: | +2 | U.S.S.G. § 2D1.1(b)(1) |

(PSR ¶¶ 24-32.)  The Probation Office then applied a three-level reduction for acceptance of responsibility, finding defendant's total offense level to be 31.  (PSR ¶¶ 34-35.)  Regarding criminal history, the Probation Office concluded that defendant is in criminal history category III based on a criminal history score of four.  (PSR ¶¶ 37-41.)  The United States concurs with these calculations.

**IV.   THE UNITED STATES' RECOMMENDED SENTENCE AND § 3553(a) ANALYSIS**

The United States recommends, consistent with the Probation Office's recommendation, the following sentence: (1) a low-end custodial sentence of 135-months; (2) a five-year period of supervised release with the terms recommended by the Probation Office;[2] and (3) a $400 mandatory special assessment.

The United States believes such a sentence is sufficient and no greater than necessary to accomplish the goals of sentencing and fairly balances the nature, circumstances, and seriousness of the offenses, protecting the public, providing deterrence, and promoting respect for the law, with defendant's history and characteristics.

---

[1] Although the PSR states that "USSG § 2D1.1(c)(1) provides for a base offense level of 32 if the offense involved at least 150 g but less than 500 g of methamphetamine," the applicable provision appears at USSG § 2D1.1(c)(4).

[2] The Probation Office recommends a term of imprisonment that consists of 135 months on each of Counts 1, 2, and 3, and 120 months on Count 5, all to be served concurrently.  Its recommended supervised release term consists of 4 years on each of Counts 1 and 2, 5 years on Count 3, and 3 years on Count 5, with all such terms to run concurrently.  (PSR Rec. at 1.)

**A.   Nature and Circumstances of the Offenses**

The severity of defendant's crimes supports a 135-month sentence.  In addition to distributing over 50 grams of methamphetamine on two occasions, defendant possessed with intent to distribute 192.2 grams of actual methamphetamine (PSR ¶¶ 16-18), which triggers a 10-year mandatory minimum sentence.  21 U.S.C. § 841(b)(1)(A).  He also possessed that methamphetamine in his bedroom with a firearm and a magazine with live ammunition.[3]  (PSR ¶¶ 18-20.)  A 135-month sentence is fair and appropriate in light of these offenses.

**B.   Need to Reflect Seriousness of the Offense, Promote Respect for the Law, Provide Just Punishment, Afford Deterrence, and Protect the Public**

The sentence must satisfy defendant's need for punishment or rehabilitation, as well as society's need to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, afford adequate deterrence, and protect the public.  There is a strong need for the sentence to specifically deter defendant from committing future crimes and generally deter others from committing similar crimes.  See 18 U.S.C. § 3553(a)(2)(B).

Defendant's previous contacts with law enforcement and two-year custodial sentence for a state felony offense did not deter him from committing additional crimes.  Defendant's conduct demonstrates

---

[3] Such criminal conduct supports Count 4 of the Indictment, which charges a violation of § 924(c) for possessing a firearm in furtherance of a drug trafficking crime.  A conviction under § 924(c) triggers a five-year mandatory sentence to run consecutively to any other sentence imposed.  18 U.S.C. § 924(c)(1)(A)(i).  While the United States plans to seek to dismiss the § 924(c) charge at sentencing as part of the Plea Agreement, defendant has explicitly agreed that this additional criminal conduct can be considered by the Court when imposing a sentence.  (Plea ¶ 4(c).)

little respect for the law.  Moreover, it is particularly important to protect the public, given the harm that methamphetamine and firearms pose to communities.  A sentence of 135 months will impress upon defendant the seriousness of his crimes and give him time to consider the consequences of his actions.  Further, the Probation Office has recommended conditions that address defendant's gang affiliation and a search condition that will help to protect the public from further crimes of defendant.  (PSR Rec. at 2-3.)

The government's recommended custodial sentence, along with the five-year period of supervised release with the terms recommended by the Probation Office, is sufficient to deter defendant in the future and thereby protect the public, and would provide a significant warning to others seeking to engage in drug trafficking and firearm offenses.

### C. Defendant's History and Characteristics

Defendant's history and characteristics present both aggravating and mitigating facts and thus support a sentence of 135 months in custody.  The Probation Office calculated defendant's criminal history category as III.  In 2015, defendant was convicted of Making Threats with Intent to Terrorize, a felony violation of California Penal Code Section 422(a), for which he received two years in custody.  (PSR ¶ 39.)  More recently, in 2019, he sustained a misdemeanor conviction for corporal injury of a spouse, for which he received four days in jail and three years of probation.  (PSR ¶ 40.)  Defendant also has a known gang affiliation and goes by the moniker "Suspect."  (PSR ¶ 51.)

In mitigation, defendant is only 25 years old.  Further, he accepted responsibility for his crimes fairly quickly and cooperated

with the Probation Office during the presentence investigation.  (PSR ¶ 23.)  Defendant told the Probation Office that his "mentality has changed" and that "[h]e does not want to engage in unlawful conduct again because he wants to provide for his family," which includes his two-year-old daughter.  (PSR ¶¶ 23, 49.)  He reports having specialized training and skills in carpentry, and told the Probation Office that he plans to obtain his GED while in custody.  (PSR ¶ 57.)  Finally, the term of imprisonment recommended by the United States in this case is by far the longest term of imprisonment defendant has faced.

Accordingly, the United States' recommendation of 135 months in custody appropriately balances the nature of the offenses with the mitigating considerations related to defendant's personal history and characteristics, as well as the fact that defendant has fully accepted responsibility in this matter.

**V.   CONCLUSION**

For the foregoing reasons, the United States respectfully requests that the Court impose the following sentence: (1) a term of imprisonment of 135 months, (2) a five-year period of supervised release with the terms recommended by the Probation Office, and (3) a $400 mandatory special assessment.